1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

| | |
|---|---|
| R.W.,<br><br>              Plaintiff,<br><br>        v.<br><br>KILOLO KIJAKAZI,<br><br>              Defendant. | Case No.  21-cv-00152-VKD<br><br>**ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 15, 17 |

8
9
10
11
12
13

14        Plaintiff R.W.[1] appeals a final decision of the Commissioner of Social Security

15   ("Commissioner")[2] denying her application for disability insurance benefits under Title II of the

16   Social Security Act ("Act"), 42 U.S.C. § 423.  The parties have filed cross-motions for summary

17   judgment.  The matter was submitted without oral argument.

18        The sole issue presented is whether the administrative law judge ("ALJ") erred at step five

19   of the sequential analysis by failing to consider R.W.'s borderline age.  Upon consideration of the

20   moving and responding papers and the relevant evidence of record, for the reasons set forth below,

21   the Court  denies R.W.'s motion for summary judgment, and grants the Commissioner's cross-

22   motion for summary judgment.[3]

23   _____

24   [1] Because orders of the Court are more widely available than other filings, and this order contains
     potentially sensitive medical information, this order refers to the plaintiff only by her initials.  This
25   order does not alter the degree of public access to other filings in this action provided by Rule
     5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

26   [2] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is
27   substituted as defendant in place of Andrew Saul.

28   [3] All parties have expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by a magistrate judge.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 7, 8.

## I.   BACKGROUND

Born in 1964, R.W. has at least a high school education and last worked as a receptionist. *See* AR[4] 37, 192, 212.

She previously filed a disability insurance benefits application on March 19, 2015.  On April 14, 2017, an ALJ issued a decision, concluding that R.W. was not disabled within the meaning of the Act from the alleged onset date of June 30, 2014 through the April 14, 2017 date of the ALJ's decision.  AR 68-82.  R.W. did not appeal that decision.

R.W. protectively filed her present application for disability insurance benefits in May 2017 when she was 53 years old, alleging that she has been disabled and unable to work since April 15, 2017.  AR 192.  Her application was denied initially and on reconsideration.  AR 87-118.  An ALJ held a hearing on September 17, 2019, at which a vocational expert ("VE") testified. AR 47-67.

On January 8, 2020, the ALJ issued an unfavorable decision.  AR 19-32.  He considered the decision on R.W.'s prior application and determined that *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) and Acquiescence Ruling 97-4(9), 1997 WL 742758 (Dec. 3, 1997) apply from the alleged June 30, 2014 onset date through the April 14, 2017 date of the prior decision.  AR 22.  He adopted that decision and gave the findings therein full weight.  AR 28.  However, he found that from the present alleged onset date of April 15, 2017, there is new and material evidence.  AR 22, 28.

The ALJ found that R.W. met the insured status requirements of the Act through December 31, 2018, her date last insured; that she has not engaged in substantial gainful activity since the April 15, 2017 alleged onset date; and that she has the following severe impairments: migraine headaches, obstructive sleep apnea, obesity, bipolar disorder, anxiety, and post-traumatic stress disorder.  AR 25.  However, the ALJ concluded that R.W. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Commissioner's regulations.  AR 26-27.  The ALJ determined that R.W. has the

---

[4] "AR" refers to the certified administrative record lodged with the Court.  Dkt. No. 14.

United States District Court
Northern District of California

1    residual functional capacity ("RFC") for less than a full range of light work (with additional non-

2    exertional limitations)[5] and is unable to perform any past relevant work.  AR 27, 30.

3              Noting R.W.'s birthdate and that she was 54 years old on her date last insured, the ALJ

4    stated that R.W. is an individual closing approaching advanced age under applicable regulations.

5    AR 30.  The ALJ further found R.W.'s past work is unskilled and that transferability of job skills

6    is not an issue.  AR 31.  With the assistance of the VE, the ALJ found that there were jobs that

7    existed in significant numbers in the national economy that R.W. could have performed, namely

8    retail marker (Dictionary of Occupational Titles ("DOT") 209.587-034), marker II (DOT 920.687-

9    126), and routing clerk (DOT 222.587-038).  *Id.*  Accordingly, the ALJ concluded that R.W. has

10   not been disabled, as defined by the Act, from the April 15, 2017 alleged onset date through the

11   December 31, 2018 date last insured.  AR 32.

12            The Appeals Council denied R.W.'s request for review of the ALJ's decision.  AR 1-5.

13   R.W. then filed the present action seeking judicial review of the decision denying her application

14   for benefits.  On this appeal, R.W. challenges the ALJ's decision in only one respect:  she

15   contends that he did not consider her borderline age at step five of the sequential analysis.[6]

16   **II.    LEGAL STANDARD**

17            Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's

18   decision to deny benefits.  The Commissioner's decision will be disturbed only if it is not

19   supported by substantial evidence or if it is based upon the application of improper legal

20   standards.  *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citation omitted); *Morgan v.*

21   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (citation omitted).  In this context,

22   the term "substantial evidence" means "more than a mere scintilla" but "less than a

23   preponderance" and is "such relevant evidence as a reasonable mind might accept as adequate to

24   support a conclusion."  *Ahearn*, 988 F.3d at 1115 (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148,

25

26   _____

[5] The ALJ found that R.W. has postural and environmental limitations and is limited to
27   "occasional decision-making" and "occasional social contact with others."  AR 27.

28   [6] R.W. otherwise "stipulates that the ALJ's decision fairly and accurately summarized the material
     medical evidence and testimony of record."  Dkt. No. 15 at 1.

United States District Court
Northern District of California

1154 (2019) and *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012), *superseded by regulation on other grounds*); *see also Morgan*, 169 F.3d at 599 (citation omitted). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Ahearn*, 988 F.3d at 1115 (citation omitted); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Ahearn*, 988 F.3d at 1115-16 (citation omitted); *Morgan*, 169 F.3d at 599 (citation omitted).

## III.   DISCUSSION

As of her December 31, 2018 date last insured,[7] R.W. was 54 years old and about 4.5 months from her 55th birthday. At age 54, under the Medical-Vocational Guidelines[8] (commonly known as the "grids"), R.W. was in the "closely approaching advanced age" category; at age 55, she fell within the "advanced age" category. In determining at step five of the sequential analysis that R.W. can perform other work, the ALJ used the "closely approaching advanced age" category corresponding to R.W.'s chronological age of 54 years as of her date last insured. AR 30.

R.W. contends that the ALJ erred by failing to consider whether using the next higher age category was appropriate. She argues that this is significant because prior to age 55, the applicable grid rules direct a finding of "not disabled," but upon her 55th birthday would direct a finding of "disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.13, 202.04. The Commissioner does not dispute that as of her date last insured, R.W. was in a borderline age situation, but maintains that the ALJ sufficiently considered R.W.'s age in concluding that she could perform other work.

At the fifth step of the sequential analysis, "the burden shifts to the Commissioner to show

---

[7] The parties do not dispute that, under the circumstances presented here, the appropriate benchmark from which to consider R.W.'s age is her date last insured. *See* Dkt. No. 15 at 2; Dkt. No. 17 at 4 n.4; *see also* Social Security Ruling 83-10, 1983 WL 31251, at *8 ("Under title II, a period of disability cannot begin after a worker's disability insured status has expired. When the person last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured. In these situations, the person's age at the time of decisionmaking is immaterial.").

[8] *See* 20 C.F.R., Part 404, Subpt. P, App. 2.

that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (citing 20 C.F.R. § 404.1560(b)(3)). The Commissioner can meet this burden either through VE testimony or by reference to the grids. *Id*.

Under the Commissioner's regulations, age is considered as a vocational factor and is categorized as follows: "younger person" (under age 50); "closely approaching advanced age" (age 50-54); and "advanced age" (age 55 or older). 20 C.F.R. § 404.1563(c)-(e). A "borderline situation" is presented where the claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled[.]" *Id*. § 404.1563(b). In borderline cases, an ALJ may "not apply the age categories mechanically" and "will consider whether to use the older age category after evaluating the overall impact of all the factors in [the claimant's] case." *Id*. "It is clear from the text of this regulation that an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood v. Comm'r Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010). Rather, an ALJ has discretion to use the higher age category. *Id*. at 1069 (citing 20 C.F.R. § 404.1563(b)).

R.W. contends that the ALJ applied the age categories mechanically and failed to consider whether using the higher age category was appropriate. *See* Dkt. No. 15 at 3. In particular, she argues that the ALJ did not expressly recognize that, as of her date last insured, she was several months from reaching the "advanced age" category. Moreover, R.W. notes that the ALJ did not explain whether he considered the higher age category or the factors he considered, as required by the Social Security Administration's policies in effect as of the time of the ALJ's decision. *See* HALLEX I-2-2-42(C)(5) ("The ALJ will explain in the decision that the ALJ considered the borderline age situation, state whether the ALJ applied the higher age category or the chronological age, and note the specific factor(s) the ALJ considered."); POMS DI 25015.006(G) (directing ALJs to "[e]xplain your decision to use the next higher age category or your decision to use the claimant's chronological age, including the case-specific supporting factors.").

1     The Commissioner argues that under *Lockwood*, the ALJ is not required to explain why a

2 higher age category was not used.  In any event, the Commissioner maintains that the ALJ did not

3 apply age categories mechanically, and appropriately evaluated all of the factors in R.W.'s case by

4 relying on the VE's hearing testimony and using the grid rules as a guide in determining that R.W.

5 could perform other work that existed in significant numbers in the national economy, considering

6 her age, education, work experience, and RFC.  *See* Dkt. No. 17 at 5-6.

7     In *Lockwood*, the Ninth Circuit held that although an ALJ is required by regulation to

8 consider whether to use a higher age category in a borderline situation, there is no requirement that

9 an ALJ explain in a written decision why a higher age category was not used.  *Lockwood*, 616

10 F.3d at 1070 (citing 20 C.F.R. § 404.1563(b)); *see also id.* at 1071-72 & n.2, 4.  Rather, an ALJ is

11 required by regulation only to consider whether to use the higher age category after evaluating the

12 overall impact of all the factors of the claimant's case.  *Id.* at 1069-72; 20 C.F.R. § 404.1563(b).

13 An ALJ may be found to satisfy this requirement by, for example, (1) mentioning the claimant's

14 birthdate and age category, (2) citing the regulation that prohibits application of the age categories

15 mechanically in a borderline situation, *see* 20 C.F.R. § 404.1563, and (3) evaluating the overall

16 impact of all the factors in the claimant's case in reliance on the testimony of a VE.  *Lockwood*,

17 616 F.3d at 1071-72; *see also Marcia B. v. Comm'r Soc. Sec. Admin.*, No. 21-cv-05694-TLF, 2022

18 WL 1000477, at *2 (W.D. Wash. Apr. 4, 2022) (same).

19     Here, the ALJ's written decision mentioned R.W.'s birthdate and noted that as of R.W.'s

20 date last insured, her chronological age of 54 years placed her in the "closely approaching

21 advanced age" category.  AR 30.  The ALJ also cited to 20 C.F.R. § 404.1563.  *Id.*.  While the

22 context of the decision indicates that the ALJ cited § 404.1563 for the definition of an individual

23 "closely approaching advance age," other portions of his written decision and the record presented

24 demonstrate that the ALJ was aware of R.W.'s borderline age and that age categories are not to be

25 mechanically applied.  At the September 17, 2019 administrative hearing, R.W.'s counsel noted

26 R.W.'s borderline age situation and argued for non-mechanical application of the grid rules.

27 AR 66.  The ALJ acknowledged that argument at the hearing.  *See* AR 66 ("Yeah.  Very good.

28 Thank you, [R.W.].").  And in the portion of his written decision assessing R.W.'s RFC, the ALJ

United States District Court
Northern District of California

1    also expressly acknowledged that R.W. moved to a higher age category within months after her

2    date last insured.  *See* AR 30 ("While [R.W.]'s age category changed on [birthdate],[9] that change

3    occurs long after her [date last insured] on December 31, 2018.").  Finally, the ALJ's decision

4    indicates that, using the grids as a framework and relying on the VE's testimony, he evaluated the

5    overall impact of R.W.'s age, education, work experience and RFC in determining that R.W. could

6    perform other work.  AR 31.  The Court finds that under *Lockwood*, this is sufficient to

7    demonstrate that the ALJ considered R.W.'s borderline age as required by 20 C.F.R.

8    § 404.1563(b).

9         R.W. nonetheless argues that the ALJ erred by failing to explain his consideration of her

10   borderline age, as required by HALLEX and POMS.  In *Lockwood*, the Ninth Circuit observed

11   that agency interpretations, such as HALLEX and POMS, are "entitled to respect, but only to the

12   extent they have the power to persuade" and do "not impose judicially enforceable duties on either

13   this court or the ALJ." *Lockwood*, 616 F.3d at 1073 (internal quotations and citation omitted).

14   R.W. points out that *Lockwood* preceded policy changes by the Social Security Administration

15   that eliminated an inconsistency between HALLEX and POMs noted in *Lockwood*.  Dkt. No. 15 at

16   4; *see also Lockwood* , 616 F.3d at 1073 & n.6.  However, to the extent POMS requires an

17   explanation by the ALJ, *Lockwood* found POMS unpersuasive for the additional reason that it was

18   inconsistent with 20 C.F.R. § 404.1563(b):  "Finally, the POMS guidance is not a persuasive

19   interpretation of the regulation.  The regulation at issue here [20 C.F.R. § 404.1563(b)] requires

20   only that the ALJ consider whether to use the older age category; it does not impose any

21   obligation to make express findings incorporated in the ALJ's opinion." *Lockwood*, 616 F.3d at

22   1073.  That observation remains true today, as there has been no change to § 404.1563 since

23   *Lockwood* issued.  *See Barreras v. Saul*, 803 F. App'x 70, 72 (9th Cir. 2020) ("It is

24   inconsequential to our analysis that the ALJ's decision was contrary to internal Social Security

25   Administration policies listed in [POMS] or [HALLEX], which instructs the ALJ to consider

26   'additional vocational adversities' when determining whether to use a higher age category,

27   _____

28   [9] Although the date stated in the ALJ's decision is one day off from R.W.'s birthdate, this
     presumably is a typographical error.

United States District Court
Northern District of California

because neither manual 'impose[s] judicially enforceable duties on either the ALJ or this court.'") (quoting *Lockwood*, 616 F.3d at 1072-73).

*Steven B. C. v. Comm'r Soc. Sec. Admin.*, 452 F. Supp. 3d 957 (D. Or. 2020), cited by R.W., is not binding on this Court and does not compel a contrary conclusion.  Moreover, this Court does not find *Steven B. C.* persuasive insofar as that decision seems to suggest, contrary to § 404.1563(b), that when a borderline situation is present, an ALJ must apply a higher age category if it would result in a finding that the claimant is disabled.  *See id*. at 961 ("When a claimant is within a few months of reaching an older age category, the ALJ should evaluate the claimant under the next higher age category if the higher age category would result in the claimant being found disabled.  20 C.F.R. § 404.1563(b).").

In sum, the Court finds substantial evidence that the ALJ met the consideration requirements under 20 C.F.R. § 404.1563(b) and *Lockwood*, which is binding on this Court. Because HALLEX and POMS are not binding on this Court or the ALJ, remand is not warranted.

## IV.     CONCLUSION

Based on the foregoing, the Court denies R.W.'s summary judgment motion, and grants the Commissioner's summary judgment motion. The Clerk of the Court shall enter judgment accordingly and close this file.

**IT IS SO ORDERED.**

Dated: August 9, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge